[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13580

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN DANIEL LEONARD,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20383-JEM-1

_____

2                      Opinion of the Court                    24-13580

Before GRANT, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Stephen Leonard, proceeding *pro se*, appeals from the district court's October 21, 2024 order denying as moot his motion to compel discovery and the court's October 22, 2024 order granting the government's motion *in limine*.

We lack jurisdiction over Leonard's appeal because the district court's October 21 and October 22 orders are not final or otherwise appealable. The orders are not final because Leonard has not been convicted or sentenced. *See* 28 U.S.C. § 1291 (providing that generally, this Court has jurisdiction to review only "final decisions of the district courts"); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (providing that in a criminal case, the rule of finality generally "prohibits appellate review until conviction and imposition of sentence"). The orders also do not fall within the collateral order doctrine. *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (providing that this Court applies the final judgment rule with "utmost strictness in criminal cases," unless the challenged order falls within the collateral order doctrine); *id.* (explaining that to be appealable under the collateral order doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment). The Supreme Court has strictly interpreted the

24-13580                 Opinion of the Court                 3

collateral order doctrine in criminal cases, so far limiting its application to the following types of pretrial orders: (1) orders denying a motion to dismiss an indictment on double jeopardy grounds; (2) orders denying a motion to dismiss an indictment under the Speech and Debate Clause of the Constitution; (3) orders denying a motion to reduce excessive bail; and (4) orders permitting involuntary medication to restore competence to stand trial. *See id.*; *Sell v. United States*, 539 U.S. 166, 176-77 (2003).  Therefore, the October 21 and October 22 orders do not qualify for immediate review under the collateral order doctrine. *See Will v. Hallock*, 546 U.S. 345, 350 (2006) ("And we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership.").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.